HALLIDAY, Respondent, v. NEW YORK & Q. C. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 28, 1906.) Appeal from Special Term, Queens County. Action by George Halliday against the New York & Queens County Railway Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed. Van Vechten Veeder and Nathaniel S. Corwin, for appellant. George F. Hickey and M. P. O'Connor, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

RICH, J. I dissent. The appeal is from a judgment in favor of plaintiff in an action brought to recover damages for personal injuries sustained by plaintiff by reason of a collision between one of defendant's cars and a van upon which plaintiff was riding. The plaintiff was the only witness called who gave any evidence as to how the accident occurred. He testified that on the night of the accident, at about half-past 11 o'clock, he with two companions, after waiting some time for a Vernon avenue car, accepted the invitation of the driver of a van to ride down the street with him. It was a misty, rainy night. After plaintiff and his companions had boarded the van, plaintiff taking a seat on a bag, with his back against the tailboard, facing the driver, it proceeded down the track upon which the car with which it collided was approaching for 10 of 15 minutes. Plaintiff knew that the cars were running upon this track on 20 minutes headway, and he must have known that it was about time for a car to overtake the van, if he did not know that he was actually upon the time of that car. He also knew that there was

no light upon the wagon, and he says the wagon was making more noise than the car, and he did not hear it. There is no evidence in the case that he might not have heard had he listened, or that he listened or took the slightest precaution for his safety. There was nothing to prevent his looking back, and had he done so the accident might have been avoided. It was his duty to exercise some care, and his failure to do so was such negligence as will prevent a recovery. The judgment and order ought to be reversed, and a new trial ordered; costs to abide the event.